1

2
FILED

3
13 MAY 20  AM 10: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4

5
BY:           DEPUTY

6

7

8
# UNITED STATES DISTRICT COURT

9
## SOUTHERN DISTRICT OF CALIFORNIA

10
| UNITED NURSES OF CHILDREN'S HOSPITAL, | CASE NO. 12-CV-2552 BEN (BLM) |
|---|---|

11

12
Petitioner,

vs.

**ORDER DISMISSING PETITION TO CONFIRM ARBITRATION AWARD**

13
RADY CHILDREN'S HOSPITAL
SAN DIEGO,

[Docket No. 22]

14

15
Respondent.

16

17
Presently before the Court is Petitioner's Petition to Confirm Arbitration Award.

18
(Docket No. 22.)  For the reasons stated below, the Petition is **DISMISSED**.

19
### BACKGROUND

20
Grievant Laureen Smith was employed by Respondent Rady Children's

21
Hospital—San Diego ("Hospital") as a Nuclear Medicine Technologist beginning in

22
1998.   She was a member of Petitioner United Nurses of Children's Hospital

23
("Union").  On October 28, 2011, Smith was terminated by the Hospital.

24
The Hospital and Union are parties to a Collective Bargaining Agreement

25
covering employees employed by the Hospital in the Technical Unit, which was and

26
is in full force and effect from July 1, 2010 to June 30, 2013. (Pet., Exh. A; Kennelly

27
Decl. ¶ 3.)  As a member of the Technical Unit represented by the Union, Smith is

28
subject to the terms and conditions of the Collective Bargaining Agreement. (Kennelly

1   Decl. ¶ 4.)

2        The Collective Bargaining Agreement provides that employees can be

3   discharged or disciplined only for just cause. (Notice of Lodgment ("NOL") 1, at 12.)

4   It includes a grievance-arbitration procedure allowing the Union to file a grievance and

5   request arbitration if it believes that the Hospital has violated any provisions of the

6   Collective Bargaining Agreement. (*Id.* at 12-16.) In addition, the Section 607 of the

7   Collective Bargaining Agreement limits the authority of the arbitrator:

8
9       The Arbitrator shall have jurisdiction and authority only to interpret,
        apply or determine compliance with the express language of this
        Agreement *and* the agreed upon issue(s) submitted to him/her. The
10      Arbitrator shall not have the power to add to, subtract from, or modify
        in any way the express language of this Agreement. The Arbitrator shall
11      have no authority to and shall not add to or modify in any way [the
        Hospital's] responsibilities or duties under this Agreement, nor may the
12      Arbitrator impose upon [the Hospital] an obligation, responsibility or
        duty which is not expressly required of [the Hospital] by an express
13      provision of this Agreement. . . . [T]he Arbitrator shall have no authority
        to review management's exercise of its discretion in selecting the level
14      of discipline imposed by [the Hospital] in a termination case involving
        gross misconduct.   If the Arbitrator finds gross misconduct, the
15      termination decision shall be affirmed. If the Arbitrator finds that the
        grievant did not engage in gross conduct but that [the Hospital] did have
16      just cause to discipline the employee, the Arbitrator may sustain the
        discharge or otherwise determine the appropriate remedy.   In a case
17      involving suspension without pay, demotion or disciplinary transfer, the
        Arbitrator shall have the authority to determine whether [the Hospital]
18      had just cause to discipline the employee and, if so, what the appropriate
        remedy should be.
19

20  (*Id.* at 15.)

21       The Union filed a grievance challenging Smith's termination, and the grievance

22  proceeded to arbitration before Arbitrator Robert R. Petering.  Prior to going on the

23  record, the parties and Arbitrator discussed the statement of issues to be submitted to

24  the Arbitrator for determination.  Union counsel proposed that there should be two

25  issues submitted for determination: "Did the employer have just cause to terminate the

26  grievant?" (the merits issue) and "If not, what is the appropriate remedy?" (the

27  remedial issue).   Hospital counsel proposed that only the merits issue should be

28  submitted for determination, and any remedial issues should be addressed through

1  separate discussions and negotiations if the Arbitrator found that there was no just
2  cause to terminate Smith.  Union counsel agreed to the Hospital's formulation of the
3  issues, and the merits issue was placed on the record.
4      The Arbitrator mailed the parties a copy of his arbitration decision on September
5  25, 2012.  The Decision states: "At the hearing the parties stipulated that the issue in
6  the instant proceeding is: Did the Employer have just cause to terminate the Grievant
7  on or about October 28, 2011?" (NOL 3, at 53.) The Arbitrator found that the Hospital
8  had not met its burden to prove just cause because it did not present direct evidence
9  supporting the allegations in Smith's termination letter. (*Id.* at 58-59.)  In addition, the
10  Decision included an order determining the remedial issue:

11
12  **IT IS HEREBY FURTHER ORDERED** that Laureen Smith be reinstated forthwith to her former position, or if that position no longer exists, to a substantially equivalent position.
13
14  **IT IS HEREBY FURTHER ORDERED** that the Employer forthwith make Laureen whole for any loss of pay, fringe benefits, retirement credits, seniority, or any other like or related employment benefits that
15  she would have received had she not been discharged on October 28, 2011.
16

17  (*Id.* at 59.)

18      After the Award was rendered, the Hospital filed a "Request to Arbitrator to
19  Reconsider Determination of Appropriate Remedy and Inclusion of Order in Decision,"
20  objecting to the inclusion of the determination of the remedial issue in the Decision.
21  The Arbitrator denied this request, reasoning that "[t]he provisions of Section 607 of
22  the collective bargaining agreement covering this case has references to 'make whole
23  remedy' and 'interim earnings', clearly showing that the parties knew and intended that
24  arbitrators could and would fashion appropriate remedies in cases." (Hayes Decl., Exh.
25  A, at 2.)

26      Presently before the Court is the Union's Petition to Confirm Arbitration Award.
27  (Docket No. 22.)  The Union argues that the Hospital has failed to comply with the
28  Arbitrator's Opinion and Award.  Specifically, the Union argues that the Hospital has

1   failed to reinstate Smith to her former position or a substantially equivalent position,

2   failed to make Smith whole for any loss of pay, fringe benefits, retirement credits,

3   seniority, or any other like or related employment benefit that she would have received

4   if she had not been discharged.

5                                    **DISCUSSION**

6          Arbitration is a matter of contract and a party cannot be forced to arbitrate

7   disputes in the absence of an agreement to do so. *Granite Rock Co. v. Int'l Bd. of*

8   *Teamsters*, 130 S. Ct. 2847, 2855-56 (2010). It is the function of the court, rather than

9   the arbitrator, to determine whether the contract requires arbitration of a particular

10   dispute. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

11   "Unless the parties clearly and unmistakably provide otherwise, the question of

12   whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."

13   *Id.*

14          When the parties have agreed to be bound to an arbitrator's construction and

15   interpretation of their agreement, a court may not set aside the arbitrator's award simply

16   because the court would have interpreted the agreement in a different manner. *United*

17   *Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599-600 (1960).

18   "Nevertheless, an arbitrator is confined to interpretation and application of the

19   collective bargaining agreement; he does not sit to dispense his own brand of industrial

20   justice. . . . [H]is award is legitimate only so long as it draws its essence from the

21   collective bargaining agreement. When the arbitrator's words manifest an infidelity to

22   this obligation, courts have no choice but to refuse enforcement of the award." *Id.* at

23   597.

24          Courts may vacate an arbitrator's award if the award exceeds the authority given

25   to the arbitrator by the parties or if the arbitrator ignores the language of the agreement

26   that limits the scope of the arbitrator's authority. *United Paperworkers Int'l Union v.*

27   *Misco, Inc.*, 484 U.S. 29, 38 (1987). If the arbitrator's interpretation is contradicted by

28   the plain language of the parties' agreement or the issue submitted to the arbitrator for

1  determination, the award cannot stand.  *Hughes Aircraft Co. v. Elec. & Space*

2  *Technicians*, 822 F.2d 823, 826-27 (9th Cir. 1987).  An arbitration award is properly

3  vacated when: (1) the arbitrator does not attribute the usual meaning to words in a

4  written instrument, *United Food & Commercial Workers Union v. United Markets*, 784

5  F.2d 1413, 1415 (9th Cir. 1986); (2) the arbitrator disregards a specific contract

6  provision because the arbitrator does not believe it is appropriate or would create "an

7  injustice," *Pac. Motor Trucking Co. v. Auto. Machinists Union*, 702 F.2d 176, 177 (9th

8  Cir. 1983); or (3) the award violates the terms of the arbitration clause, *Federated*

9  *Emp'rs of Nev. v. Teamsters Local No. 631*, 600 F.2d 1263, 1264 (9th Cir. 1979).

10  　　Here, Section 607 of the Collective Bargaining Agreement sets forth the general

11  scope of the Arbitrator's authority and power: "The Arbitrator shall have jurisdiction

12  and authority only to interpret, apply or determine compliance with the express

13  language of this Agreement *and* the agreed upon issue(s) submitted to him/her." (NOL

14  1, at 15 (emphasis added)).  The parties dispute whether this means that the Arbitrator

15  has authority to interpret only issues that are *both* discussed in the Agreement *and*

16  submitted to the arbitrator by the parties (the Hospital's position), or the Arbitrator has

17  authority to interpret issues that are *either* discussed in the Agreement *or* submitted to

18  the arbitrator by the parties (the Union's position).

19  　　The Court finds that the Arbitrator has the authority to interpret only issues that

20  are both discussed in the Agreement and submitted to the arbitrator by the parties.

21  First, the common usage of the words supports this interpretation.  The use of the

22  conjunction "and," rather than "or," in Section 607 implies that both conditions must

23  be met—the issues must be *both* discussed in the Agreement *and* submitted to the

24  arbitrator by the parties in order for the Arbitrator to have authority to interpret them.

25  *See United Markets*, 784 F.2d at 1415-16 & n.2 (court should apply the words included

26  within the agreement in accordance with their normal usage unless the parties have

27  ascribed a particular meaning to them).

28  　　Second, "a document should be read to give effect to all its provisions and to

render them consistent with each other." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995). If the arbitrator is free to ignore the provision that it shall only have authority to determine the agreed upon issues submitted to the arbitrator by the parties, and instead rely on other language in the agreement as providing authority to decide an issue that both parties have not agreed to submit, the "agreed upon issue(s) submitted" language becomes nugatory.

Here, the only agreed upon issue submitted to the arbitrator was the merits issue. (NOL 2, at 42.) Because the Arbitrator included his determination on the remedial issue that was not submitted to him for determination, the Arbitrator exceeded the power conferred upon him by the Collective Bargaining Agreement and the parties' agreed upon submission. Moreover, to the extent the order on the remedial issue was included in the Decision as a determination by the Arbitrator that the Hospital was compelled to arbitrate remedial issues because of the "just cause" issue, generally, no deference is given to the Arbitrator's determination of arbitrability. *See Carpenters 46 N. Cal. Counties Conference Bd. v. ZCON Builders*, 96 F.3d 410, 414 (9th Cir. 1996).

The Union argues that the language of Section 607 that references "back pay and benefits (make whole remedy)," permits the Arbitrator to determine a remedy. Section 607, however, lists specific instances in which the Arbitrator may determine remedial issues. It does not grant the Arbitrator authority to determine remedial issues in all situations. For instance, Section 607 expressly confers on the Arbitrator in a case *not* involving termination the authority to determine remedial issues. (*See* NOL 1, at 15.) In addition, Section 607 confers authority on the Arbitrator to determine remedial issues in termination cases involving gross misconduct. (*Id.*) However, no such authority is given in cases involving termination that does not involve gross misconduct.

In addition, the Union argues that the past behavior of the parties indicate that the arbitrator had authority to order reinstatement and a make whole remedy. *In the Matter of Arbitration between Rady Children's Hospital—San Diego and United*

1    *Nurses of Children's Hospital (Phillip Atencio)* (Steinberg 2010) is the only other

2    grievance between the parties over a termination that resulted in a decision rendered

3    by an arbitrator since the Union's inception in 1999. In that case, the Arbitrator

4    ordered reinstatement and a make whole remedy. (Kennelly Decl. ¶ 15, Exh. A, at 20.)

5    As the Union points out, the Hospital did not raise the issue that the arbitrator lacked

6    authority or jurisdiction to order reinstatement and a make whole remedy. In that case,

7    however, the parties stipulated to place both a merits issue and a remedial issue before

8    the arbitrator. *Id.* at 1. *Atencio*, therefore, does not show that the Arbitrator had

9    authority under the parties' Collective Bargaining Agreement to decide remedial issues

10    in the absence of an agreed upon submission expressly allowing him to do so.

11       Accordingly, the Union's Petition is **DISMISSED**. The portion of the

12    Arbitrator's Decision setting out a remedial order is **VACATED** pursuant to 9 U.S.C.

13    § 10(a)(4) as being beyond the power of the Arbitrator. In addition, because the Court

14    dismisses the Union's Petition, the Union's motion for an award of attorney's fees is

15    **DENIED**. To the extent not inconsistent with the findings contained herein, the Court

16    **OVERRULES** the Respondent's Evidentiary Objections to Petitioner's Submissions

17    in Support of Opposition to Motion on Petition to Confirm Arbitration Award (Docket

18    No. 20-2) and Petitioner's Evidentiary Objections to Respondent's Opposition Brief

19    and Declaration in Support of Opposition Brief and Motion to Strike (Docket No. 22-

20    1).

21                     **CONCLUSION**

22       For the reasons stated above, the Union's Petition is **DISMISSED**. The portion

23    of the Arbitrator's Decision setting out a remedial order is **VACATED** pursuant to 9

24    U.S.C. § 10(a)(4) as being beyond the power of the Arbitrator.

25       **IT IS SO ORDERED.**

26

27    DATED: May 1 , 2013

28                            HON. ROGER T. BENITEZ
                           United States District Court Judge